UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBERTO PADILLA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JOE LIZARRAGA,<br><br>　　　　　Respondent. | No. 2:18-cv-2266-TLN-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding without counsel in this petition for writ of habeas corpus under 28 U.S.C. § 2254. Respondent moves to dismiss the petition as untimely, for failure to state a cognizable claim, and for failure to exhaust a claim. ECF No. 14. For the reasons that follow, the petition is untimely, and the motion must therefore be granted.

**I.　　Background**

Petitioner was sentenced to a term of 12 years in California state prison on December 17, 2010. ECF No. 16-1 at 1. He did not appeal. Petitioner filed three state collateral challenges to his incarceration, beginning on July 18, 2016. ECF Nos. 16-2, 16-3, 16-4, 16-5, 16-6, & 16-7. The California Supreme Court denied the last of these challenges on June 13, 2018. ECF No. 16-7. Petitioner filed this action on August 16, 2018. ECF No. 1.

/////

/////

1

**II.    The Limitations Period**

Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), a one-year limitations period for seeking federal habeas relief begins to run from the latest of: (1) the date the judgment became final on direct review or the expiration of the time for seeking such review (or April 25, 1996, if the judgment became final prior to AEDPA's enactment), (2) the date on which a state-created impediment to filing is removed, (3) the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review, or (4) the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D); *Malcom v. Payne*, 281 F.3d 951, 955 (9th Cir. 2002).

### a. <u>Statutory Tolling</u>

No statute tolls the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, if a petitioner properly files a state post-conviction application prior to the expiration of the limitations period, the period is tolled and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and the filing of a new petition in a higher court if the second petition was filed within a "reasonable time" after the denial of the first. *Carey v. Saffold*, 536 U.S. 214, 221 (2002); *Stancle v. Clay*, 692 F.3d 948, 956 (9th Cir. 2012); *see also Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011) (finding that delays of ninety-one days and eighty-one days are "far longer than the Supreme Court's thirty-to-sixty-day benchmark for California's 'reasonable time' requirement," and are, without adequate explanation, unreasonable under California law).

A federal habeas application does not provide a basis for statutory tolling, *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), nor does a state petition filed after the federal limitations period has expired, *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

/////

2

A petitioner may be entitled to statutory tolling for the time that additional rounds of state habeas petitions are pending (provided they were filed prior to the expiration of the limitations period), although the time between rounds is not tolled. *Cross v. Sisto*, 676 F.3d 1172, 1178-79 (9th Cir. 2012); *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010). For tolling to be applied based on a subsequent round, that subsequent set of petitions cannot be untimely or improperly successive. *Porter*, 620 F.3d at 958.

### b. Equitable Tolling

The limitations period may also be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631 (2010). Petitioner has the burden of showing facts entitling him to equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The threshold necessary to trigger equitable tolling is very high, "lest the exceptions swallow the rule." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Equitable tolling may be applied only where a petitioner shows that some external force caused the untimeliness. *Id*.

### c. The Equitable Exception for Innocence

In addition, the statute of limitations is subject to an actual innocence exception.[1] A petitioner may have her untimely filed case heard on the merits if she can persuade the district court that it is more likely than not that no reasonable juror would have convicted her. *McQuiggin v. Perkins*, 569 U.S. 383, 386, 394-95 (2013); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *McQuiggin*, 569 U.S. at 399. For example, the "court may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability" of his evidence of innocence. *Id*.

---

[1] This exception is also known variably as the "miscarriage of justice" exception and the "*Schlup* gateway," after *Schlup v. Delo*, 513 U.S. 298 (1995), in which the U.S. Supreme Court held that a habeas petitioner whose claims were procedurally barred could nevertheless obtain a determination on the merits of his petition if he made the requisite showing of actual innocence.

3

**III. Analysis**

Respondent moves to dismiss the petition on the ground that it is untimely under AEDPA. For the reasons that follow, the court agrees.

Respondent correctly argues that the limitations period began to run on February 16, 2011, which was the day on which petitioner's opportunity to seek direct review expired. 28 U.S.C. § 2244(d)(1)(A); Cal. R. Ct. 8.308(a); ECF No. 16-1 at 1. Petitioner advances no reason for a later limitations period start-date under § 2244(d)(1)(B), (C), or (D).

All of petitioner's state habeas petitions were filed well outside the federal limitations period, which expired on February 15, 2012. State petitions filed after the expiration of the federal limitations period cannot toll the limitations period. *Ferguson*, 321 F.3d at 823. Thus, this case presents no grounds for statutory tolling.

In addition, petitioner advances no equitable grounds under which this court could consider his untimely petition. Petitioner mentions in passing that he was sentenced while a minor. ECF No. 23. This appears to be a substantive basis for his habeas claim rather than an argument regarding the limitations period. If petitioner is claiming that the limitations period should be equitably tolled for the period of time that he was a minor, the court should reject the argument. Petitioner cites no authority holding that the limitations period is tolled during a petitioner's minority. On the contrary, it appears that the courts who have addressed such an argument have rejected it. *E.g.*, *Castañeda v. Arnold*, No. 2:14-cv-02014 GEB DAD P, 2015 U.S. Dist. LEXIS 75366, at *20 (E.D. Cal. June 9, 2015) (minority was not an "extraordinary circumstance" justifying equitable tolling); *Eversole v. Thayer*, No. 3:11-CV-1478-M (BK), 2012 U.S. Dist. LEXIS 186910, at *7-8 (N.D. Tex. Oct. 23, 2102). The court does not need to engage with whether the limitations period should be tolled during a petitioner's minority here, however, because even if the court were to toll the limitations period until petitioner's 18th or 21st birthdays (July 15, 2011 and July 15, 2014, respectively), the limitations period would still have

/////

/////

/////

4

elapsed well before he filed his first state habeas petition on July 13, 2016. Accordingly, the petition must be dismissed.[2]

### IV. Recommendation

As the petition is untimely, and petitioner has not presented facts that would justify tolling the limitations period or applying an exception thereto, it is RECOMMENDED that respondent's December 28, 2018 motion to dismiss (ECF No. 14) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 6, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] As the case must be dismissed as untimely, the court need not consider respondent's additional arguments regarding whether petitioner's claims are cognizable and exhausted.