**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILBERTO PADILLA, | No. 2:18-cv-02266-TLN-EFB |
| Petitioner, | |
| v. | **ORDER** |
| JOE LIZARRAGA, | |
| Respondent. | |

Petitioner, a state prisoner proceeding *pro se*, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 1.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 6, 2019, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  (ECF No. 27.)  On August 21 and 28, 2019, Petitioner filed Objections to the Findings and Recommendations.[1]  (ECF Nos. 28 & 29.)

/ / /

---

[1]   Petitioner's second filing of Objections (ECF No. 29) appears to be nothing more than a poor photocopy of his Objections filed August 21, 2019 (ECF No. 28) but is otherwise identical to the earlier filing.  Accordingly, the Court references Petitioner's August 21, 2019 filing (ECF No. 28) herein to address Petitioner's objections.

1

1      This Court reviews *de novo* those portions of the proposed findings of fact to which

2   objection has been made.  28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore*

3   *Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982).  As

4   to any portion of the proposed findings of fact to which no objection has been made, the Court

5   assumes its correctness and decides the motions on the applicable law.  *See Orand v. United*

6   *States*, 602 F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are

7   reviewed *de novo*.  *See Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

8   Having carefully reviewed the entire file, the court finds the findings and recommendations to be

9   supported by the record and by proper analysis.

10           Petitioner's Objections

11           Petitioner argues his petition should be deemed timely due to delays caused by his lack of

12   counsel and having to spend time in solitary confinement.  (ECF No. 28 at 1.)  He also lists

13   twelve objections (*id*. at 2–3), each of which the Court has fully evaluated and overrules for the

14   reasons stated below.

15           Petitioner's first and second objections relate to his unexhausted claims, which Petitioner

16   contends are still pending before the Sacramento Superior Court.  (ECF No. 28 at 2.)  These

17   objections are not relevant to the motion before the Court and are therefore overruled.  Similarly,

18   to the extent Petitioner's second and twelfth objections request a stay of litigation pending the

19   final outcome of his unexhausted claims, Petitioner's request is denied.

20           Petitioner's third and fourth objections pertain to Petitioner's minority and statutory

21   tolling, which were properly addressed in the Findings and Recommendations.  (*See* ECF No. 27

22   at 4.)  The Court agrees with the magistrate judge's findings that Petitioner's minority does not

23   warrant equitable tolling and there are no grounds for statutory tolling and therefore overrules

24   these objections.

25           Petitioner's fifth, sixth, tenth, and eleventh objections assert various contentions regarding

26   corruption charges against Respondent and unethical practices by his attorney.  (ECF No. 28 at 2–

27   3.)  The Court finds these objections are irrelevant to the motion before the Court and therefore

28   overrules them.

1    Petitioner's seventh objection asserts that external forces — specifically, the lack of

2    counsel, being in "the Hole,"[2] and losing his court documents when he was sent to the Hole —

3    caused Petitioner's untimely filing and therefore constitute grounds for equitable tolling.  (ECF

4    No. 28 at 2; *see also id.* at 1.)  As the Findings and Recommendations correctly state, the

5    threshold necessary to trigger equitable tolling is very high.  (ECF No. 27 at 3, citing *Waldron-*

6    *Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).)  Moreover, it is Petitioner's burden to

7    establish he pursued his rights diligently, but extraordinary circumstances stood in the way and

8    prevented timely filing.  (*Id.*, citing *Holland v. Florida*, 560 U.S 631, 649 (2010); *Smith v.*

9    *Duncan*, 297 F.3d 809, 814 (9th Cir. 2002).)

10   Petitioner fails to meet this burden.  Indeed, Petitioner provides no facts about the nature

11   or extent of his purported diligence, nor does he provide any details about the length or timing of

12   his solitary confinement in order to establish that the confinement amounted to extraordinary

13   circumstances warranting equitable tolling.  To the extent Petitioner claims not having a lawyer

14   amounts to extraordinary circumstances, the Court finds that Petitioner is not entitled to equitable

15   tolling.  *See, e.g., Baker v. Cal. Dep't of Corr.*, 484 F. App'x 130, 131 (9th Cir. 2012) ("Low

16   literacy levels, lack of legal knowledge, and need for some assistance . . . are not extraordinary

17   circumstances to warrant equitable tolling . . . ."); *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th

18   Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary

19   circumstance warranting equitable tolling.").  Finally, although deprivation of legal materials is

20   the type of external impediment for which courts have granted equitable tolling, Petitioner still

21   fails to meet his burden of establishing his own diligence and that the hardship caused by lack of

22   access to his materials was an extraordinary circumstance that caused his late filing.  *See Lott v.*

23   *Mueller*, 304 F.3d 918, 924–25 (9th Cir. 2002).  Therefore, the Court finds Petitioner's lack of

24   counsel and time in solitary confinement, as asserted in his Objections (ECF No. 28 at 1), do not

25   constitute extraordinary circumstances warranting equitable tolling and this objection is

26   overruled.

27

28   ---
     [2]    The Court notes Petitioner's reference to "the Hole" alludes to his temporary placement in solitary confinement.

3

1    Accordingly, Petitioner's objections provide no grounds that his petition is timely under

2    the AEDPA, or that any exceptions to the statute of limitations apply.

3        Certificate of Appealability

4        Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the Court has

5    considered whether to issue a certificate of appealability.  Before Petitioner can appeal this

6    decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

7    Where the petition is denied on the merits, a certificate of appealability may issue under 28

8    U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a

9    constitutional right."  28 U.S.C. § 2253(c)(2).  The Court must either issue a certificate of

10   appealability indicating which issues satisfy the required showing or must state the reasons why

11   such a certificate should not issue.  *See* Fed. R. App. P. 22(b).  Where the petition is dismissed on

12   procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that

13   jurists of reason would find it debatable whether the district court was correct in its procedural

14   ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid

15   claim of the denial of a constitutional right.'"  *Morris v. Woodford*, 229 F.3d 775, 780 (9th Cir.

16   2000) (quoting *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 1604 (2000)).

17       Petitioner's eighth and ninth objections reference the ruling of *Slack v. McDaniel*, 529

18   U.S. 473 (2000), and contend Petitioner made a "substantial showing" demonstrating jurors

19   would disagree with the District Court's ruling of his constitutional claims.  (ECF No. 28 at 2–3.)

20   The Court construes these objections to be a request for the issuance of a certificate of

21   appealability.  Petitioner, however, provides no further legal or factual argument in support of his

22   contention.  Thus, for the reasons set forth in the magistrate judge's Findings and

23   Recommendations (ECF No. 27), the Court finds that issuance of a certificate of appealability is

24   not warranted in this case.

25       Accordingly, IT IS HEREBY ORDERED that:

26       1.  The Findings and Recommendations, filed August 6, 2019 (ECF No. 27), are adopted

27   in full;

28       2.  Respondent's Motion to Dismiss, filed December 28, 2018 (ECF No. 14), is

4

1   GRANTED;

2        3.  Petitioner's request for a stay (ECF No. 28) is DENIED;

3        4.  The Court declines to issue a certificate of appealability; and

4        5.  The Clerk of the Court is directed to close this file.

5        IT IS SO ORDERED.

6   Dated: September 30, 2019

7

8

9                                          _____
                                           Troy L. Nunley
10                                         United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5